UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| LUCINDA LOGGINS, et al., | ] |
| Plaintiff(s), | ] |
| vs. | ] CV 02-N-02231-W |
| NPC INTERNATIONAL, D/B/A PIZZA HUT, | ] |
| Defendant(s). | ] |

**Memorandum of Opinion**

### I.  Introduction

The court has before it defendant's motion for partial judgment on the pleadings, filed October 23, 2002 (Doc. #6). Plaintiffs filed the action alleging that Defendant violated numerous provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). The plaintiffs have had an opportunity to respond to the motion, and the court finds that the issues are ripe for review. Upon consideration of the briefs of both parties and the relevant law, the court finds that the motion is due to be granted in part and denied in part

### II.  Statement of Facts

Plaintiffs Lucinda Loggins ("Loggins") and Johnny Reno ("Reno") were employed by defendant, NPC International ("Pizza Hut"), as managerial employees. Plaintiffs allege that they were paid a weekly salary without sales incentives, overtime compensation, commission, bonuses, vacation or sick time. Plaintiffs further contend that they worked 60-



70 hours per week without adequate compensation and that defendant violated the FLSA through, among other things, its record keeping practices.

## III.     Standard of Review

In deciding a motion for judgment on the pleadings, the court applies the same standard that is applicable to a motion to dismiss for failure to state a claim upon which relief may be granted. *Jones v. Resolution Trust Corp.*, 7 F.3d 1006 (11th Cir. 1993). A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1368 (11th Cir. 1997). The court may dismiss a complaint only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Conely v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986) (citation omitted) ("[W]e may not . . . [dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief"). For purposes of ruling on a motion to dismiss, the court will accept as true all well-pleaded factual allegations and view them in a light most favorable to the non-moving party. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Burch v. Apalachee Community Mental Health Servs., Inc.*, 840 F.2d 797, 798 (11th Cir. 1988) (en banc). This standard imposes an "exceedingly low" threshold on the nonmoving party in order to survive a motion to dismiss for failure to state a claim that reflects the liberal pleading requirements set forth in the Federal Rules of Civil Procedure. *See Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 703 (11th Cir. 1985); *see also Brooks*, 116 F.3d at 1369 (providing that Rule 12(b)(6) motions

are "viewed with disfavor and rarely granted"); Fed. R. Civ. P. 8(a)(2) (plaintiff is required to provide only "a short and plain statement showing that the pleader is entitled to relief").

## IV. Discussion

### A. Violation of FLSA § 216(b)

Plaintiffs request compensation in the form of "sales incentives, bonuses, commissions, vacation and sick time." (Complaint ¶ 6). Defendant contends that this claim should be stricken because the FLSA provides for no such form of compensation. Section 216(b) lists civil actions that individuals may bring under the FLSA. The statute provides in pertinent part:

> Any employer who violates provisions of Section 206 or Section 207 of this title shall be liable to the employee or employees affected in the amount of the unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.

Defendant argues that this provision contains no remedy for individual employees, such as plaintiffs, who allege that they have been denied "managerial compensation" in the form of sales incentives, bonuses, commission, and vacation and sick time. Instead it is merely for unpaid minimum wages and overtime compensation. *See Tran v. Tran*, 860 F. Supp. 91, 96 (S.D.N.Y. 1993). Moreover, defendant maintains that the FLSA does not obligate employers to pay compensation in such form.

Plaintiffs concede that the defendant's interpretation of 29 U.S.C. § 216(b) is correct, and that the court cannot grant relief in the form of unpaid sales incentives, commission, bonuses, vacation and sick time that does not relate to minimum wage. Instead, they argue that the claim should not be dismissed because the aforementioned forms of compensation

apply to determining whether the defendant violated the minimum wage requirement of 29 U.S.C. § 206. *See e.g. Williams v. Jacksonville Terminal Co.*, 35 F. Supp. 267 (S.D. Fla. 1940) (acknowledging that compensation can take the form of something other than money). A review of plaintiffs' prayer for relief reveals only that the plaintiffs asked for "damages in the amount of their unpaid compensation and benefits." (Complaint, Prayer for Relief ¶ 2). If the statements in paragraph two were the sole statements regarding unpaid compensation, the court might be inclined to accept the plaintiffs' interpretation. Earlier in the complaint however, plaintiffs state that the "action is brought to recover unpaid compensation, in the form of sale incentives, commissions, bonuses, vacation and sick time." (Complaint ¶ 6). This appears to be precisely the type of compensation that the plaintiffs concede is not provided for by statute. The court is cognizant of plaintiffs' arguments regarding differing forms of compensation, yet it is not convinced that the complaint in fact states what the plaintiffs claim it does in their brief. (Doc. #15, p.2). Accordingly, the court will strike language in paragraph 6 of the complaint without prejudice and will allow the plaintiffs fifteen days to amend their complaint.

### B. Violations of FLSA §§ 211 and 215(a)(5)

Plaintiffs allege that Defendant violated the "wage provisions" of the FLSA, included in 29 U.S.C.A. § 211 and § 215 (a)(5) "by failing to make, keep, and preserve adequate and accurate records of the persons employed and of the wages, hours, and other conditions and practices of employment maintained by Defendant." (Complaint, ¶ 27).

Defendants argue that the claims for relief fail as a matter of law because the FLSA does not provide a private right of action for record keeping violations. Their argument is

based on the express language of § 216(b) which limits private actions to recovery of unpaid minimum wages, unpaid overtime compensation and violations of 215(a)(3). *See Elwell v. University Hospitals Home Care Services,* 276 F.3d 832, 843 (6th Cir. 2002) (noting § 216(b) does not authorize employee suits for violations of the FLSA's record keeping requirements and that enforcement rights are vested exclusively in the Secretary of Labor); *East v. Bullock's Inc.*, 34 F. Supp. 2d 1176, 1182-83 (D. Ariz. 1998) (court unwilling to imply a private right of action to enforce Section 215 (a)(5) of the FLSA); *O'Quinn v. Chambers County, Texas*, 636 F. Supp. 1388, 1392 (S.D. Tex. 1986) ("[p]rivate causes of action under the FLSA are established in § 216 which does not provide a cause of action for violation of § 211"), *opinion amended on other grounds*, 650 F. Supp. 25 (S.D. Tex. 1986); *Marchak v. Observer Publications, Inc.*, 493 F. Supp. 278, 281 (D.R.I. 1980) (private right of action under section 216(b) does not encompass failure to keep records in violation of Sections 211(c) or 215(a)(5)).

Plaintiffs concede that they cannot maintain a cause of action under this theory. They indicate that the language regarding the defendant's record keeping practices is merely for descriptive purposes and will be used to highlight the defendant's violations of the FLSA and its intentional or reckless disregard to the FLSA. *University Hospital Home Care Services*, 276 F.3d 832, 844 (6th Cir. 2002) ("Although the FLSA does not permit an employee to bring a private action for record keeping violations, an employer's record keeping practices may nonetheless corroborate an employee's claims that the employer acted willfully in failing to compensate for overtime.").

Accordingly, the court finds that the claim for record keeping violations may not be considered as a cause of action pursuant to paragraph 4 of the prayer for relief, but that the language may remain as descriptive conduct to prove FLSA violations.

### C. Violations of FLSA § 206

Finally, defendant contends that plaintiffs failed to allege facts sufficient to state a claim under the FLSA's minimum wage provision. 29 U.S.C.A. § 206. Defendant's cite to *Hensley v. MacMillan Blodel Containers, Inc.*, to establish that a violation of the FLSA occurs when an employee's total weekly wage, divided by the number or hours worked does not meet the minimum wage. 786 F.2d 353, 356 (8th Cir. 1986). To state a complaint therefore, defendant contends that plaintiffs must plead each of the aforementioned elements. Defendant contends that the plaintiffs met neither the liberal pleading requirements of Rule 12(b)(6) which tests the legal sufficiency of the complaint, nor did they meet the requirements of Rule 8(a). *Gilmore v. Day*, 125 F. Supp. 2d 468, 471 (M.D. Ala. 2000); *Roe v. Aware Woman Center for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001)(interpreting Rule 8(a) and explaining "a complaint [must] contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory" in order to be sufficient.).

As with the allegations set forth in section B, the plaintiffs' brief explains their case much more clearly than does their complaint. Nevertheless, the court finds that the plaintiffs have provided enough information to state a claim. Paragraph five of the complaint alleges that the complaint relates to the denial of "lawful wages." (Complaint ¶ 5). Later, the complaint alleges a violation of section 206. (Complaint ¶ 12). The plaintiffs have also pled

that they worked 60-70 hours a week (Complaint ¶ 6). Although the plaintiffs did not plead the precise minimum wage, the amount is a matter of record. Moreover, the defendant has acknowledged that the plaintiffs were paid a weekly salary. (Answer ¶ 6). In addition, the complaint in paragraph 6 (which admittedly is due to be reworded) references 29 U.S.C.A. § 216(b), the statutory language of which also provides a remedy for section 206. Thus, the court finds that sufficient information was provided for a direct or inferential allegation. *Aware Woman Center for Choice, Inc.*, 253 F.3d at 683 (11th Cir. 2001); *MacMillan Bloedel Containers, Inc.*, 786 F.2d at 356. Accordingly, the motion for a judgment on the pleadings for violation of section 206 will be denied.

## V. Conclusion

The court will enter an appropriate order in accordance with this memorandum of opinion.

Done, this 3rd of December, 2002.

EDWIN NELSON
UNITED STATES DISTRICT JUDGE